# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **GRAYSON SMITH et al** ) | Case No. 7:24-cv-00083-WLS |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | |
| **AUTO-OWNERS INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant** ) | |

## AGREED CONFIDENTIALITY AGREEMENT

By agreement of the Parties, Plaintiffs Grayson Smith and Savannah Smith (collectively hereinafter "Plaintiffs"), and Defendant Auto-Owners Insurance Company (hereinafter "Auto-Owners" and collectively "the Parties") hereby submit this Stipulated Protective Order and state as follow:

## STIPULATED PROTECTIVE ORDER

A.  Auto-Owners possesses certain information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

B.  The Parties therefore request that the Court enter the following Protective Order to properly balance the discovery rights of the Plaintiffs with Auto-Owners' rights to protect its private, confidential, proprietary, or trade secret information.

The Court hereby **ORDERS**:

1.  All production and disclosure of information qualifying and designated as

CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER by Auto-Owners during this litigation shall be governed by this Order (collectively, "information"). Information may only be marked as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER to the extent that: (1) it contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, (2) that it contains private or confidential personal information; or (3) Auto-Owners otherwise believes in good faith that such information is entitled to protection under Fed. Rule Civ. Proc. 26(c)(1)(G) and Local Civil Rule 5.4.

2.  Information subject to this Protective Order shall be designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER by Auto-Owners by stamping "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" or otherwise indicating confidentiality, trade secret, or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on every page of a multi-page document, and in a prominent location on the exterior of any tangible object. Every page of every single document, whether physical or electronic, that is produced should be designated as confidential in a manner that will not interfere with the document's legibility. Information that should be included in the designation includes the case name, the court, the docket number, and the phrase 'confidential and subject to protective order'. If the documents being produced are in electronic format, the designation should be in the form of a large watermark that is placed diagonally across the document and the document should be rendered non-editable. When designating information or items for protection under this Order, Auto-Owners must limit any such designation to specific material that qualifies under the appropriate standards. Namely, the Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted and not swept unjustifiably within

this Order.

3. With respect to deposition testimony, Auto-Owners may, either on the record at the deposition or by written notice to counsel for Plaintiffs no later than thirty (30) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER. All testimony, regardless of whether designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER on the record, shall be treated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER until thirty (30) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER prior to being taken because of the anticipated testimony. **Furthermore, any document designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition.**

4. The inadvertent or unintentional disclosure by Auto-Owners of information considered to be CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of Auto-Owners' claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after either party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, then the recipient

must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents. In addition, the production or disclosure by Auto-Owners of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by Auto-Owners in this or any subsequent state or federal proceeding pursuant to O.C.G.A. 24-5-502 regardless of the circumstances of disclosure. If any party becomes aware of the production or disclosure of such protected information by Auto-Owners, that party shall provide written notice of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

5. When information which is CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER is presented, quoted, or referenced in any deposition, hearing, trial, or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 8 are present during such presentation, quotation, or reference. To the extent trial testimony of any Company associate that includes sensitive corporate information or trade secrets is subject to the protective order, this Order grants the Company the authority to seal the trial transcript to bar dissemination of such trial testimony, but that the Company must exercise this power within 30 days of the jury verdict or bench order or its right to seal the trial transcript is waived.

6. Subject to the requirements of Paragraph 10 of this Agreement, no person receiving information designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described in Paragraph 8 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no

event shall such person make any other use of such information. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for Auto-Owners upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraph 8(h) and/or Paragraph 10 of this Protective Order.

7. Except as agreed by Auto-Owners or as otherwise provided herein, including in Paragraph 8(h) and Paragraph 10 of this Protective Order, information designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto pursuant to Paragraph 8 below. Except as provided in Paragraphs 8(h), 8(g), 8(k), and 10 of this Protective Order, information which is CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving Auto-Owners.

8. Information designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER by Auto-Owners shall be disclosed only to the following persons:

(a) attorneys actively working on or supervising the work on this case;

(b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives and counsel for the entity Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as Exhibit A;

(e) the Court and its employees ("Court Personnel");

(f) stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as Exhibit A;

(h) the Georgia Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law;

(i) a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit;

(j) anyone as otherwise required by law;

(k) as authorized by the parties specifically; and

(l) other persons by written agreement of the parties when the person has signed a written acknowledgement attached as Exhibit A.

9. Subject to Paragraph 10 of this Protective Order, the recipient of any information designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of all such information.

10. Nothing in this Protective Order disallows Auto-Owners' maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Georgia Division of Insurance and other applicable state and federal laws; the records retention requirements of the Georgia Division of Insurance, the Georgia Rules of Professional Conduct, or other applicable state and federal laws; the records retention practices of Auto-Owners; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information by Auto-Owners as permitted and/or required by applicable state and federal law, including reporting to the Insurance Services Office, Inc.

11. Plaintiffs may, at any time during the pendency of this lawsuit, request from Auto-Owners, in writing, the release of information designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel for Auto-Owners and counsel for Plaintiffs shall attempt to meet and confer. If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER, any party may raise the issue of such designation with the Court pursuant to the Court's Practice Standards. Any information submitted to the Court for review shall be submitted under seal and for in camera review. Pending a ruling from the Court, Auto-Owners' designation shall control.

12. Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the attorney of the party that originally produced the documents within three (3) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER. Production or disclosure of information which is designated CONFIDENTIAL AND

SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

13. Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document which is designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER, Plaintiff must provide notice to Auto-Owners of its intentions. Auto-Owners may then request that the document be filed with restricted access or under seal. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order.

14. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

15. Within thirty (30) days of the final determination of this action, each person or party who has received information designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall be obligated to return the same to Auto-Owners, including any copies, or to destroy such information and certify that it has been destroyed; subject to the legal requirements for maintenance and destruction of client files by the parties' counsel. At the conclusion of the case, within 30 days, all documents and copies thereof that have been designated as confidential shall be returned to Auto-Owners, or the parties may elect to destroy confidential documents. If the parties agree to destroy confidential documents, the destroying party shall provide all parties with an affidavit confirming destruction.

16. This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.

17. Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall be treated at trial.

18. Any party wishing to use any CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER information or document in any brief, memorandum, motion, affidavit, or other paper filed with the Court shall file the document under seal in the Court's E-filing system, with a note to the Court Clerk referencing this Order.

19. Plaintiffs may challenge any information Auto-Owners designates as confidential. Unless a prompt challenge to Auto-Owner's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burden, or a significant delay of the litigation, Plaintiffs do not waive their right to challenge a confidentiality designation by electing not to mount a challenge promptly after Auto-Owners discloses an original designation. Plaintiffs shall initiate the challenge process by emailing a written notice to the attorney for Auto-Owners of any designation it challenges and describing the basis for the challenge. The parties shall attempt to resolve each challenge in good faith and must confer by telephone or video conference within seven (7) calendar days after Auto-Owners' counsel receives notice. In conferring, Plaintiffs must explain the basis for its belief that the confidentiality designation is improper and must give Auto-Owners an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the foregoing meet-and-confer is unsuccessful, or if Auto-Owners does not provide a response within the aforementioned seven-day period, Plaintiffs may seek judicial intervention. For any dispute before

this Court, Auto-Owners bears the burden to prove its confidentiality designation. Unless Auto-Owners has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under Auto-Owners' designation until the Court rules on the challenge.

**SO ORDERED** this 16th day of December, 2024.

*[signature]*
W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT

Respectfully submitted, this 13th day of December, 2024.

| ELLIOTT BLACKBURN P.C. | SWIFT, CURRIE, McGHEE & HIERS, LLP |
|---|---|
| */s/ James R. Miller*<br>James R. Miller<br>Georgia Bar No. 159080<br>3016 N. Patterson Street<br>Valdosta, Georgia 31602<br>jmiller@elliotblackburn.com<br>***Counsel for Plaintiffs*** | */s/ Jessica M. Phillips*<br>Jessica M. Phillips<br>Georgia Bar No. 922902<br>Brittney A. Sizemore<br>Georgia Bar No. 332873<br>1420 Peachtree Street, N.E.<br>Suite 800<br>Atlanta, Georgia 30309<br>Jessica.phillips@swiftcurrie.com<br>Brittney.sizemore@swiftcurrie.com<br>***Counsel for Defendant*** |

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I,_____, acknowledge that I may receive information designated as "CONFIDENTIAL" by the party producing that information in discovery in the following action: *Grayson Smith and Savannah Smith v. Auto-Owners Insurance Company*, United States District Court for the Northern District of Georgia, Newnan Division, Civil Action File No. 7:24-cv-00083-WLS (the "Action").

I certify my understanding that if I receive this information, it will be provided to me pursuant to the terms and restrictions of the attached Consent Protective Order and Confidentiality Agreement entered on _____, 2024, in this Action (the "Order"). I further certify that I have been given a copy of and have read the terms of that Order and agree to be bound by its terms.

I understand that all documentary material which I receive containing information designated as "CONFIDENTIAL" and all working copies, computer data storage, digests, or abstracts prepared from this material, are to remain in my personal custody until I have completed my assigned duties, if any, whereupon all such material and all notes made by me containing any of this confidential information are to be returned to the party or counsel who provided the confidential information to me.

I agree that the confidential information I receive will not be disclosed to anyone else and that this information will not be used for any purpose other than preparation for and trial or appeal of the Action.

I understand that any violation of this Order may subject me to sanctions by the Court. I further agree and submit myself to the jurisdiction of the Court for all matters concerning enforcement or violation of the Order.

Signed this _____ day of _____, 2024.

Signed: _____

Print name: _____

Address: _____