**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

GRAYSON SMITH et al.,                            :
                                                 :
      Plaintiffs,                         :
                                                 :
v.                                               :         CASE NO.:  7:24-CV-83 (WLS)
                                                 :
AUTO-OWNERS INS. CO.,                            :
                                                 :
      Defendant.                          :
                                                 :

**ORDER**

Before the Court is Defendants' Motion to Strike Plaintiffs' Reply or for Permission to File a Surreply (Doc. 53). In it, the Defendants move for the Court to strike Plaintiffs' Reply (Doc. 52) in support of their Motion to Exclude Defendant's Retained Expert Brent Boyd (Doc. 19). Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

Auto-Owners claims Plaintiffs "seek to ambush [them] by introducing new expert opinion testimony . . . that was not previously included in its Motion to Exclude and was not previously produced to Defendant during discovery." (Doc. 53). Therefore, they claim, the entire Reply (Doc. 52) should be stricken. (*Id.* at 2). In the alternative, they seek permission to file a surreply pursuant to Local Rule 7.3.1.C. (*Id.* at 4).

Plaintiffs reply that Auto-Owners have known about this expert "for months" and that his criticisms of Auto-Owners' expert have remained consistent. (Doc. 54 at 2). Plaintiffs also note the affidavit in controversy was procured because Auto-Owners' Response brief (Doc. 48) introduced a new affidavit from their expert. (Doc. 54 at 2).

The Court will not strike Plaintiffs' Reply. A Court may strike a filing if the filing is "redundant, immaterial, impertinent, or scandalous." However, the Eleventh Circuit tells us that "[e]ven when allegations fall into one of the listed descriptions of matter that may be struck, a

1

Rule 12(f) motion 'should be granted only when the pleading to be stricken has no possible relation to the controversy' because Rule 12(f) 'is a drastic remedy to be resorted to only when required for the purposes of justice.'" *United States ex rel Sedona Partners LLC v. Able Moving & Storage Inc.*, 146 F.4th 1032, 1044–1045 (11th Cir. 2025) (quoting *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)). Plaintiffs' Reply is not redundant, immaterial, impertinent, or scandalous. It provides a substantive and useful Reply to Defendants' Response. (Doc. 48). The only arguable grounds for a strike are scandalousness or injustice. However, as Plaintiffs point out, they filed this new affidavit only in response to Defendants' filing of a new affidavit. Therefore, the filing is not scandalous and injustice will not result from the Court's consideration of it.

For the reasons discussed above, the Court also does not find good cause to grant Auto-Owners permission to file a surreply. "Surreply briefs are not favored." Local Rule 7.3.1.B. Auto-Owners noted that "[a]rguments raised for the first time in a reply brief are not properly before a reviewing court." *United States v. Coy*, 19 F.3d 629, 632 (11th Cir. 1994). However, this is not a reason to grant a motion to strike. To give Parties peace of mind, the Court will remind them it will follow the law and only consider arguments and evidence properly before it.

Therefore, Motion to Strike Plaintiffs' Reply or for Permission to File a Surreply (Doc. 53) is **DENIED**. As a final note, which the Court trusts will not need repeating, personal attacks on Counsel have no place in any documents filed on the record before the Court. Such comments are unprofessional, damage Counsel's credibility, and waste their clients' money on billable hours that would be better spent substantively advancing client interests.

**SO ORDERED**, this 13th day of February 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**